IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIREZ ALVARADO, REBECCA ALVARADO, SALVADOR ALVARADO, ARTHUR ARCURI, AND LOUIS ARCURI, | § § § § | |
| Plaintiff, | § | A-15-CV-859-LY-ML |
| V. | § § | |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Counsel for Plaintiffs' Second Motion to Withdraw [Dkt. #12].[1]  The Second Motion to Withdraw was filed one week before the third extended deadline to respond to Defendant's pending Motion to Dismiss, which has been on file since filed October 1, 2015, shortly after this case was removed to federal court by Defendant on the basis of diversity jurisdiction.

Counsel's attempt to characterize his second Motion to Withdraw as responsive to Plaintiffs' wishes is disingenuous in light of the circumstances apparent from the record.  On September 15, 2015, Counsel filed Plaintiff's Application for Temporary Injunction in the 421st Judicial District Court of Caldwell County, Texas, thereby initiating this civil action.  Not. Removal [Dkt #1], Ex. A-2.  Based on the allegations brought by Plaintiffs through Counsel,

---

[1] The listed nondispositive motions in the above-styled cause have been referred to the undersigned by United States District Judge, Robert Pitman, for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Defendant removed the case to federal court on September 25, 2015.  Not.Removal [Dkt. #1]. On October 1, 2015, Defendant filed its motion to dismiss.  Mot. Dism. [Dkt. #4].  On October 8, 2015, Counsel for Plaintiffs filed a motion for extension of time to respond to the pending motion to dismiss, which this Court granted.  Mot. Ext. [Dkt. 6].  According to Counsel for Plaintiffs, "On October 31, the attorneys advised the Plaintiffs in writing regarding the status of their case, their options for its resolution, and that if payment was not received per their retainer agreement, the attorneys would have to withdraw.  To date [November 9, 2011], despite additional conversations with Plaintiffs, they have not met their obligations."  Mot. Withdraw [Dkt. #9].  Plaintiffs' Counsel filed a second motion for extension of time to respond to the motion to dismiss, with no mention of any desire by Plaintiffs to terminate his representation, on November 2, 2015.  2d Mot. Ext. [Dkt. #7].  Plaintiffs' Counsel filed his motion to withdraw on November 9, 2015—the date of the twice-extended deadline to respond to the pending Motion to Dismiss.  Mot. Withdraw [Dkt. #9].  According to Counsel, Plaintiffs consented to the filing of this motion to withdraw.  *Id.*  More than that, he represents that Plaintiffs "stated their intention and desire to find new counsel to represent them" and "requested their file" from Counsel on November 9, 2015. 2d Mot. Withdraw [Dkt. #12].  From this interaction, he states the request to withdraw is not "solely related to a fee dispute" *Id.*

     As Counsel should be well aware, however, simply reciting the formulaic words, "fundamental disagreement on how to proceed with this action," *id.*, is insufficient to transform a fee dispute into a client-driven termination of representation.  Counsel identifies no disagreement with his clients regarding strategy, facts, law, or any issue other than timely payment of his fee. In fact, Counsel acknowledges that Plaintiffs have informed him, in light of the Court's order

denying the initial Motion to Withdraw, that they "wish[] to continue with representation with the undersigned counsel . . .." *Id.*

Counsel complains that Plaintiffs have not honored their promise to "follow up immediately with a meeting and payment," but that is a client management problem, not a case management problem. This Court's docket is full of mortgage cases removed from state court after an attorney obtains a temporary restraining order to stop a foreclosure. The timely resolution of such cases is essential not only to maintaining the efficient function of this Court's docket, but also to resolving the pressing question of ownership of these homes. There is a motion to dismiss in this case that has been pending since October 1, 2015. The normal time for responding to such a motion is 14 days. Counsel has now been granted multiple extensions, totaling 71 days, to make a simple statement of any legal authority or factual allegations on which he relied in obtaining injunctive relief against Defendants. Under these circumstances, the Court finds the dispute between Plaintiffs and their counsel over attorney's fees does not relieve counsel of the obligation to provide the Court a timely, substantive response to the pending motion to dismiss. Therefore,

IT IS ORDERED that the Second Motion to Withdraw [Dkt. #12] is DENIED without prejudice to re-urging, if necessary, **ONLY** after a timely response to the pending Motion to Dismiss has been filed.

IT IS FURTHER ORDERED that the deadline for a substantive response to the pending Motion to Dismiss remains **Friday, December 11, 2015.**

SIGNED November 23, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE